J. Seward Bodine, J.
This claim arose from the death by suicide of a patient at Brooklyn State Hospital on March 8,1962 and has not been assigned or submitted to any other tribunal. In some unexplained manner claimant’s intestate jumped through a window on the fourth floor and fell to her death. A State employee had been directed to repair a broken window in the utility room of the ward and had gone there at about 11:00 a.m. He unlocked the door and went in and closed the door behind him. He unlocked and opened the window bars and examined the broken glass. He determined that carpenter work was necessary to repair part of the window sash and went back to the door and called one of the attendants on duty in the ward. He asked her to .telephone the carpenter shop but she decided he could explain the situation better himself so they both left the room, closing the door and went a few steps to the telephone where he called the carpenter shop. Both the nurse and the workman stated that this only took a minute and both had a view of the door during this time and saw nobody enter or leave. However, when the workman re-entered the utility room and locked the door behind him, he discovered minutes later that the outside screen was hanging down and the patient was on the ground beneath.
*177 There was some evidence that the patient had had suicidal tendencies but not recently. She had also escaped or 1 ‘ eloped ’ ’ several times during which she had ample opportunity to take her own life.
There was also evidence that she had improved and was allowed certain liberties about the grounds when visited by parents and relatives.
She had been out of the ward for about two hours that morning taking recreation with other patients and no one could explain how she could learn or know that anything was being done about fixing a window in the utility room or how she got into the room unobserved.
This is not like the case where a door to a heating tunnel had been left unlocked overnight as in Schreck v. State of New York (35 Misc 2d 929). Nor is it like the case where a laundry chute door was inadvertently left unlocked for two hours and more as in Wilson v. State of New York (14 A D 2d 976). It seems to the court to fall more within the doctrine of Hirsh v. State of New York (8 N Y 2d 125, 127) where Judge Van Voorhis stated: ‘1 An ingenious patient harboring a steady purpose to take his own life cannot always be thwarted.” In the instant case the “ purpose to take his own life” was not even “ steady ” but more the result of an unexplained impulse.
The State must repair its own premises and cannot expect that casual workmen will always observe the letter of the rules. This particular occurrence could not reasonably have been foreseen and the claim must be dismissed.